### Harvey Holmes *vs.* Edward P. Woodworth & another.

One of two partners purchased the interest of his copartner in the partnership property, and agreed to apply the proceeds of the property to the payment of the partnership debts, and to account for half the balance; and afterwards sold the property, and took in part payment thereof the note of the purchaser payable to himself, and then ex- changed it for a note payable to a preëxisting creditor of the partnership, and delivered this last note to such creditor in fraud of the insolvent laws. *Held,* that the assignee in insolvency of the partnership had no complete and adequate remedy at law, and might therefore maintain a bill in equity against such creditor and such purchaser to obtain possession of the note.

Bill in equity, by the assignee of Russell & Woodworth, insolvent debtors, against Edward P. Woodworth and Walter McIntyre. The bill alleged that E. F. Russell and William J. Woodworth were. partners; that Russell sold to Woodworth all his interest in the partnership property, and Woodworth agreed

---

out of the proceeds thereof to pay the partnership debts, and
pay over one half of the surplus to Russell, and so the part-
nership was dissolved; that said Woodworth afterwards sold
the property to McIntyre, and took in part payment therefor a
promissory note of McIntyre, and afterwards procured that note
to be exchanged for another of equal date and amount, but pay-
able to Edward P. Woodworth, and this last note was then de-
livered by William J. Woodworth to Edward P. Woodworth in
payment of a preëxisting debt due from Russell & Woodworth,
in fraud of the provisions of the insolvent laws, and was received
by Edward P. Woodworth with probable cause to believe Rus-
sell & Woodworth to be insolvent. The dates of all these pro-
ceedings, as alleged in the bill, were within three months before
the commencement of the proceedings in insolvency.

The bill then alleged Edward P. Woodworth's refusal to sur-
render the note, and McIntyre's refusal to pay the amount of it
to the plaintiff; and prayed that said Woodworth might be
restrained from collecting the note, and ordered to deliver it to
the plaintiff, and that McIntyre might be forbidden to pay the
amount thereof to said Woodworth, and ordered to pay it to
the plaintiff, and for general relief.

Edward P. Woodworth, in his answer, demurred generally to
the bill.

*J. E. Field*, for the defendant, contended that the plaintiff
might maintain trover for the note, or assumpsit for any sums
paid thereon, and thus had a complete and adequate remedy at
law, and therefore could not maintain this bill; and cited *Harlow*
v. *Tufts*, 4 Cush. 448; *St.* 1846, *c.* 168, § 1; *Woodman* v. *Salton-
stall*, 7 Cush. 181; *Thayer* v. *Smith*, 9 Met. 469.

*J. D. Colt*, for the plaintiff.

MERRICK, J. If the arrangement made or the course of pro-
ceedings pursued by William J. Woodworth could be justified
and upheld, the means of evading that portion of the provisions
of the statutes for the relief of insolvent debtors, which relates to
preferences of particular creditors, might be easily discovered,
and would be perfect in their effect. But this is not pretended.
It is not urged, as an objection to the maintenance of this bill.

that Edward P. Woodworth has any right, having collected the note given to him by McIntyre, to retain and hold the money against the claim of the plaintiff in his capacity of assignee of the insolvent debtors whom he represents ; but that the plaintiff has no occasion to invoke the aid of this court as a court of equity, because he has a plain, adequate and complete remedy at law.

But the rule relied upon by the defendant is not to be applied to this case, because the plaintiff has not in fact an adequate and complete as well as a plain remedy at law.  He has a right to the possession and control of all assets constituting any part of the estate of the insolvent debtors at the time of the assignment to him, and to reclaim, or recover the value of all the property which previously to his appointment they had unlawfully transferred to any of their creditors in violation of the provisions of the statutes prohibiting preferred payments of preëxisting debts.  That the delivery of the note of McIntyre to Edward P. Woodworth, at the request and with the direct aid and participation of William J. Woodworth, was designed and intended to be, and was in fact the payment of a pre-existing debt in preference to all the other creditors of the insolvent debtors, is too plain to admit of doubt.  There is as little doubt, that the note of McIntyre constituted a part of the estate to which their assignee was entitled, and which it was his duty to obtain and hold for the common benefit of all parties having an interest therein.  It was given in part satisfaction of the consideration for which the copartnership stock of Russell & Woodworth was sold, and was therefore a mere substitute for the merchandise of which they had been the owners.  It might therefore undoubtedly have been properly demanded of Edward P. Woodworth, or, when collected, its contents recovered from him by their assignee.

But this was not the full extent of his right.  He could not be deprived, by any artifice or contrivance, of the advantage, if he desired to avail himself of it, of resorting directly to the maker of the note.  The right to maintain an action against Edward P. Woodworth for its unlawful conversion, or for the

money which he may have realized from it, is certainly a very plain remedy at law in favor of the assignee; but it cannot be said with equal certainty that it is adequate, and it may, if pursued, prove to be wholly incomplete. The plaintiff is not therefore to be restricted, in his efforts to recover what is due to him, solely to the prosecution of suits against Edward P. Woodworth alone, who may be found in the end to be unable to respond to any judgment which may be rendered against him; but, in some proper form, he is to be allowed to proceed directly and effectually against the party who owes and is bound to pay the money which he is entitled to receive. This cannot be accomplished, in consequence of the substitution of the note which was made payable to Edward P. Woodworth for that originally given to William J. Woodworth, without such assistance as can be afforded only in a court of equity. He ought therefore to be allowed to avail himself of its authority and of its appropriate forms of proceeding. Under such a necessity, the jurisdiction of this court is amply sufficient to embrace the case, and to afford the requisite relief. The present bill is well adapted to accomplish the object proposed. All parties in interest are joined in it, and their respective rights can be fully protected and secured by a proper decree. *Demurrer overruled.*